UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALEXIS KEENAN, on Behalf of Herself and All Others Similarly Situated, 4540 W. 170th Street Cleveland, Ohio 44135<br><br>    Plaintiff,<br><br>v.<br><br>BURNTWOOD TAVERN HOLDINGS, LLC D/B/A BURNTWOOD TAVERN c/o Statutory Agent Bret Adams 504 Washington Street Chagrin Falls, Ohio 44022<br><br>    Defendant. | CASE NO.<br><br>JUDGE:<br><br>MAGISTRATE JUDGE:<br><br>**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

## SUMMARY

1. The case implicates Defendant Burntwood Tavern Holdings, LLC d/b/a Burntwood Tavern's ("Defendant") violations of the Fair Labor Standards Act's ("FLSA") tip credit and subsequent underpayment of their employees at the federally mandated minimum wage rate and violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Revised Code ("R.C.") § 4111.01, *et seq*. for Defendant's failure to pay Plaintiff and all similarly situated workers their earned minimum wages. Plaintiff brings this case as a collective action under the FLSA, 29 U.S.C. § 216(b) and pursuant to the OMFWSA, R.C. § 4111.14(K)(2).

2. Defendant pays its tipped employees, including servers, below the minimum wage rate by taking advantage of the tip-credit provisions of the FLSA and, in Ohio, the OMFWSA. Under the tip-credit provisions, an employer of tipped employees may, under certain circumstances, pay

those employees less than the minimum wage rate by taking a "tip credit" against the employer's minimum wage obligations from the tips received from customers.

3. However, there are strict requirements for an employer to utilize the "tip credit." *See* 29 U.S.C. § 203(m). An employer must advise an employee in advance of its use of the tip credit pursuant to the provisions of section 3(m) of the FLSA. *See id.* stating (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection."). That is, the employer must inform the employee: (1) the amount of the cash wage that is to be paid to the tipped employee; (2) the amount by which the wages of the tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool; and (4) that the tip credit shall not apply to any employee who does not receive the notice.

4. Additionally, an employer must pay the minimum statutory hourly rate ($2.13 per hour under the FLSA and 50% of the Ohio minimum wage rate). *See* 29 U.S.C. § 203(m).

5. Moreover, an employer cannot pay below the minimum wage to tipped employees and require those tipped employees to perform non-tipped work that is unrelated to the tipped occupation. *See Osman v. Grube, Inc.,* No. 16-CV-802, 2017 WL 2908864, at *4 (N.D. Ohio July 7, 2017)(employer may not take a tip credit for the time that a tipped employee spends on work that is not related to the tipped occupation); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir.2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties…such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work.").

6. Finally, an employer cannot require its tipped employees to perform non-tipped work that is related to the employees' tipped occupation but exceeds 20 percent of the employees' time worked during a workweek. *See Harrison v. Rockne's Inc.,* 274 F. Supp. 3d 706, 713 (N.D. Ohio 2017)(Plaintiffs sufficiently alleged a claim when "they alleged that they were required to perform non-tipped related duties more than 20% of their regular work."); *Fast v. Applebee's Int'l, Inc*., 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time.").

7. Defendant violated the FLSA and OMFWSA in the following respects:

   a. **Violation for performing work unrelated to tipped occupation:** Plaintiff was required to perform improper types, and excessive amounts, of non-tipped work, including, but not limited to, cleaning ledges; cleaning the kitchen; cleaning walls and items hanging on the walls; cleaning window blinds, windows and window sills; cleaning the bathrooms; and/or washing trays, appliances, silverware, dishes and/or glasses.

   b. **Violation for performing non-tipped side work in excess of 20% of the time spent working in the week**: Plaintiff was required to perform greater than 20% of her time in performing non-tip producing side work, including, but not limited to, cleaning and stocking the serving line; cleaning booths, chairs, high chairs and booster seats; cleaning menus; cleaning soft drink dispensers and nozzles; cleaning tables; filling and cleaning ketchup and syrup bottles; filling and cleaning salt and pepper shakers; replacing soft drink syrups; rolling silverware; setting tables; stocking ice; sweeping, cleaning and mopping floors; taking dishes and glasses from the tables to the kitchen; and/or taking out trash.

8. As a result of these violations, Defendant has lost the ability to use the tip credit and therefore must compensate Plaintiff and all similarly situated workers at the full minimum wage rate, unencumbered by the tip credit, and for all hours worked. In other words, Defendant must account for the difference between the wages paid to Plaintiff and all similarly situated workers and the minimum wage rate.

## SUBJECT MATTER JURISDICTION

9. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et. seq*. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

## PARTIES AND PERSONAL JURISDICTION

11. Plaintiff Alexis Keenan is an individual residing in Ohio.  Her written consent to this action is attached hereto as Exhibit "A".

12. The FLSA Class Members are all current and former tipped employees who worked for Defendant for at least one week during the three-year period prior to the filing of this action to the present.

13. The Ohio Class Members are all current and former tipped employees who worked for Defendant in Ohio for at least one week during the three-year period prior to the filing of this action to the present.

14. The FLSA Class Members and the Ohio Class Members shall be collectively referred to as the "Class Members."

15. Defendant is a limited liability company organized and existing under the laws of the State of Ohio.

16. Burntwood Tavern is a registered trade name of Defendant Burntwood Tavern Holdings LLC.

## COVERAGE

17. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S. § 203(e) and R.C. § 4111.03(D)(3).

18. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D)(2).

19. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

20. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

21. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

22. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b) and R.C. 4111.14(K)(2).

## FACTS

23. Defendant operates a chain of restaurants under the trade name "Burntwood Tavern". Defendant has locations in Ohio and Florida.

24. Burntwood Taverns are full service restaurants that employ waiters (servers) to provide services to customers.

25. A waiter gathers orders from customers and delivers food and drinks to the customers.

26. Defendant pays its waiters less than the federal minimum wage of $7.25 per hour and less than the applicable Ohio minimum wage.

27. Defendant attempted to utilize the tip credit to meet its minimum wage obligation to its waiters, including the Plaintiff and Class Members.

28. Plaintiff Keenan worked for Defendant at the Burntwood Tavern location in Rocky River, Ohio. She worked as a server and was paid less than the minimum wage. She worked for Defendant from June 2016 to October 2019.

29. Defendant maintained a policy and practice whereby tipped employees were required to perform non-tip producing side work unrelated to the employees' tipped occupation. As a result, Plaintiff and the Class Members were engaged in dual occupations while being compensated at the tip credit rate. While performing these non-tip generating duties, they did not interact with customers and could not earn tips.

30. These duties include but are not limited to the following: cleaning and stocking the serving line; cleaning booths, chairs, high chairs and booster seats; cleaning menus; cleaning soft drink dispensers and nozzles; cleaning tables; filling and cleaning ketchup and syrup bottles; filling and cleaning salt and pepper shakers; replacing soft drink syrups; rolling silverware; setting tables; stocking ice; sweeping, cleaning and mopping floors; taking dishes and glasses from the tables to the kitchen; and/or taking out trash.

31. Defendant also maintained a policy and practice whereby tipped employees were required to spend a substantial amount of time, in excess of 20 percent, performing non-tip producing side work related to the employees' tipped occupation.

32. Specifically, Defendant maintained a policy and practice whereby tipped employees, were required to spend a substantial amount of time performing non-tip producing side work, including, but not limited to cleaning ledges; cleaning the kitchen; cleaning walls and items hanging on the walls; cleaning window blinds, windows and window sills; cleaning the bathrooms; and/or washing trays, appliances, silverware, dishes and/or glasses.

33. Further, Defendant required Plaintiffs and the Class Members to perform non-tipped producing work prior to the opening of the restaurant and after the restaurant closed. Indeed, Defendant required the Plaintiff and the Class Members to arrive prior to the restaurants opening for business when there were no customers and no opportunity to earn tips, to perform manual labor cleaning and setup duties. Likewise, Defendant required the Plaintiff and Class Members to remain at the restaurant after it had closed for business and there was no opportunity to earn tips, to perform manual labor cleaning duties. At times, they spent 30 minutes to two hours performing work before the restaurant was open and the same amount of time after the restaurant was closed performing non-tipped producing work.

34. However, Defendant did not pay its tipped employees the full minimum wage rate for this work. The duties that Defendant required Plaintiffs and the Class Members to perform were duties that are customarily assigned to "back-of-the-house" employees in other establishments, who typically receive at least the full minimum wage rate.

35. When the tipped employees performed these non-tipped duties, they usually did not interact with customers and did not have an opportunity to earn tips.

36. Upon information and belief, Defendant did not track or record the amount of time the tipped employees spent performing non-tipped work, even though Defendant was capable of doing so. Defendant's timekeeping system was capable of tracking multiple job codes for different work assignments, but Defendant failed to track to the specific tasks for Plaintiff or the Class Members.

37. Upon information and belief, Defendant uses a point-of-sale system to record hours worked by its tipped employees. Defendant then analyzes the information collected by this system, including the labor costs at each of the restaurants. Defendant's timekeeping system was capable

7

of tracking multiple job codes for different work assignments, but Defendant failed to track to the specific tasks for Plaintiff and the Class Members.

38. Upon information and belief, In the point-of-sale system, Defendant can create different "clock in" codes that would allow tipped employees to record their time at the full minimum wage when performing non-tipped work.

39. However, Defendant did not allow its tipped employees to clock-in at the full minimum wage rate when performing non-tipped work described in this Complaint.

40. Because Defendant violated the requirements to claim the tip credit, Defendant lost the right to take a credit toward their minimum wage obligation to Plaintiff and the Class Members.

41. As such, Plaintiff and the FLSA Class Members were not compensated at the federally mandated minimum wage.

42. Defendant knew or should have known that its policies and practices violate the law, and Defendant has not made a good faith effort to comply with the FLSA. Rather, Defendant acted knowingly, willfully, and/or with reckless disregard of the law carried and continues to carry out an illegal pattern and practice regarding its tipped employees. Defendant's method of paying Plaintiff and the Class Members was not based on a good faith and reasonable belief that its conduct complied with the law.

43. Given that Defendant failed to comply with the requirements to take the tip credit, Defendant has lost the ability to claim the tip credit and owe Plaintiff and the Class Members pay at the minimum wage rate of $7.25 per hour for all hours they worked for Defendant.

44. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendant as a tipped worker for at least one week during the three-year period prior to the commencement of this action to the present.

46. Plaintiff has actual knowledge, through conversations with her co-workers that a class of similarly situated workers exists who have been subjected to the same policies of Defendant with respect to the payment of the minimum wage.

47. The FLSA Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the FLSA.

48. Plaintiff and the FLSA Class Members all labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the rules in the same company handbook.

49. The names and address of the FLSA Class Members of the collective action are available from Defendant's records. To the extent required by law, notice will be provided to these individuals by first class mail, email, text message, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

50. As such, the class of similarly situated Class Members is properly defined as follows:

**All current and former tipped employees who worked for Defendant for at least one week during the three-year period prior to the filing of this action to the present.**

## OHIO COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff brings this action as a collective action on behalf of the Ohio Class Members which is comprised of the following:

**All current and former tipped employees who worked for Defendant for at least one week in Ohio during the three-year period prior to the filing of this action to the present.**

52. Plaintiff has actual knowledge, through conversations with her co-workers that a class of similarly situated workers exists who have been subjected to the same policies of Defendant with respect to the payment of the minimum wage.

53. The Ohio Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the OMFWSA.

54. Plaintiff and the Ohio Class Members all labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the rules in the same company handbook.

55. The names and address of the Ohio Class Members of the collective action are available from Defendant's records. To the extent required by law, notice will be provided to these individuals by first class mail, email, text message, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARD ACT
### FAILURE TO PAY THE MINIMUM WAGE

56. Plaintiff incorporates the preceding paragraphs by reference.

57. This count arises from Defendant's violation of the OMFWSA failure to pay minimum wages to Plaintiff and the Ohio Class Members.

58. During their employment with Defendant, Plaintiff and the Ohio Class Members were not exempt from the minimum wage provisions of the OMFWSA.

59. Defendant paid Plaintiff and the Ohio Class Members below the minimum wage rate in Ohio, in violation of R.C. § 4111.02.

COUNT II
VIOLATION OF THE FAIR LABOR STANDARDS
FAILURE TO PAY THE MINIMUM WAGE

60. Plaintiff incorporates the preceding paragraphs by reference.

61. This count arises from Defendant's violation of the FLSA in connection with their failure to pay the minimum wages. *See* 29 U.S.C. § 206.

62. Plaintiff and the FLSA Class Members were paid hourly rates less than the minimum wage while working for Defendant.

63. Plaintiff and the FLSA Class Members were not exempt from the minimum wage requirements of the FLSA.

64. Defendant's failure to comply with the minimum wage requirements of the FLSA, and, in particular, the tip credit requirements, resulted in Plaintiff and the FLSA Class Members being paid less than the Federal minimum wage rate. Defendant's violation of the FLSA was willful.

65. Defendant's practice of failing to inform its employees of its intent to rely on the tip credit to meets its minimum wage obligations violates the FLSA.

66. Defendant's failure to pay the minimum wage to Plaintiff and the FLSA Class Members, in violation of the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA. To foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## WAGE DAMAGES SOUGHT

67. Plaintiff and the FLSA Class Members are entitled to receive the difference between the Federal minimum wage of $7.25 an hour and the tip credit adjusted minimum wage for each hour they worked.

68. Plaintiff and the Ohio Class Members are entitled to receive the difference between the Ohio minimum wage rate and the tip credit adjusted minimum wage for each hour they worked.

69. Plaintiff and the Class Members are entitled to liquidated damages.

70. Plaintiff and the Class Members are also entitled to recover their attorney's fees and costs, as required by the FLSA and Ohio law.

## JURY DEMAND

71. Pursuant to her rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

72. For these reasons, Plaintiff respectfully requests that judgment be entered in her favor awarding her and the Class Members:

   a. Issue an order permitting this litigation to process as a collective action;

   b. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation pursuant to 29 U.S.C. § 216(b) and R.C. § 4111.14 (K);

   c. Minimum wage compensation unadulterated by the tip credit;

   d. Liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class under the FLSA;

   e. Liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiff and the class under the OMFWSA;

   f. All misappropriated funds including all tips, expenses, and wages wrongfully withheld;

g.  An order requiring Defendant to correct their pay practices going forward;

h.  Reasonable attorney's fees, costs, and expenses of this action;

i.  Pre and post judgment interest; and

j.  Such other and further relief to which Plaintiff and the Class Members may be entitled, both in law and in equity.

        Respectfully submitted,

        /s/ Lori M. Griffin
        Lori M. Griffin (0085241)
        Anthony J. Lazzaro (0077962)
        Alanna Klein Fischer (0090986)
        Matthew S. Grimsley (0092942)
        The Heritage Building, Suite 250
        34555 Chagrin Boulevard
        Moreland Hills, Ohio 44022
        Phone: 216-696-5000
        Facsimile: 216-696-7005
        lori@lazzarolawfirm.com
        anthony@lazzarolawfirm.com
        alanna@lazzarolawfirm.com
        matthew@lazzarolawfirm.com

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

        /s/ Lori M. Griffin
        One of the Attorneys for Plaintiff

## **CONSENT FORM**

1. I consent and agree to pursue my claims for unpaid overtime and/or minimum wages through a lawsuit or arbitration case filed against Burntwood Tavern.

2. I understand that the claims are brought under the Fair Labor Standards Act and/or state wage and hour laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court or parties certify the case as a collective or class action. If someone else serves as the class representative(s), then I designate the class representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning fees and costs, the entering into a settlement agreement with my employer, and all other matters pertaining to this action.

4. In the event the case is not conditionally certified or decertified after conditional certification, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer. In the event my claim must be brought in arbitration, I authorize Plaintiff's counsel to file a claim for arbitration on my behalf.

5. I understand that Plaintiff's counsel agrees to represent me on a contingency fee basis without any prepayment of attorneys' fees or costs. The fees and costs will either be subtracted from the total recovery obtained from my employer in the amount of thirty-three and one-third percent (33-1/3%) of my total recovery plus costs expended by Plaintiff's counsel on my behalf, or they may be paid separately by my employer. If there is no recovery, Plaintiff's counsel will not be paid for their work on this case.

Signature: *Alexis Keenan*
Alexis Keenan (Sep 22, 2022 18:22 EDT)

Date: Sep 22, 2022

| | |
|---|---|
| Full Name: | Alexis Keenan |
| Street Address: | 4540 w170th |
| City, State, Zip: | Cleveland, OH 44135 |
| Phone: | 4406547970 |
| Email: | gratefuldad70@yahoo.com |

**eSign or return to:**
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250 / 34555 Chagrin Boulevard / Moreland Hills, Ohio 44022
Phone: 216-696-5000 / Fax: 216-696-7005
Email: consent@lazzarolawfirm.com / Web: www.lazzarolawfirm.com

Exhibit A