UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| JASON GOEBLE, | : | CASE NO. 1:22-cv-01733 |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 29, 30 & 39] |
| v. | : |  |
| BURNTWOOD TAVERN HOLDINGS, LLC, ET AL. | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Jason Goeble[1] sues Defendants Burntwood Tavern Holdings, LLC and Burntwood Tavern Chagrin Falls, LLC ("Burntwood Defendants"), and Minute Men Select, Inc., under the Fair Labor Standards Act.

Plaintiff Goeble worked from August 2020 through January 2021 as a server for Burntwood Tavern Chagrin Falls.  Burntwood Tavern is a regional bar and restaurant group with 14 locations in Ohio and Florida.  Each of Burntwood's locations is separately managed and each location authors its own job-duty policies.

Much of Goeble's income came from customer tips, rather than cash wages.  The FLSA allows employers to avoid paying minimum wage and allows employers to claim a "tip credit" against tipped employees' wages.  When an employer claims the tip credit, the employer may pay tipped employees $2.13 per hour, rather than the $7.25 per hour required for untipped employees.

---

[1] Plaintiff Alexis Keenan filed this action.  Less than a month after filing, Plaintiffs amended the complaint to name Jason Goeble as lead plaintiff.  Keenan remains involved in the case as a putative opt-in plaintiff.

Case No. 1:22-cv-01733
GWIN, J.

Goeble says Defendants used a tip credit wage rate against Goeble's and other servers' and bartenders' wages. But Goeble says Defendants required tipped employees to spend too much time doing untipped work to qualify for the tip credit. So, Goeble proposes an FLSA collective action on behalf of all of Defendants' tipped employees to recover the difference between the tip-credit wage and the federal minimum wage.

Goeble now asks the Court to conditionally certify the FLSA collective action, expedite discovery, and permit notice to other potential opt-in plaintiffs. Defendants oppose certification and say that Goeble has failed to show that similarly situated opt-in plaintiffs exist.

Defendants also move to dismiss Goeble's complaint. According to Defendants, the complaint does not allege tip-credit claims under the FLSA. Defendants also say that Goeble did not sufficiently allege that Defendant Minute Men Select employed any tipped Burntwood employees.

The Court agrees that Goeble's complaint does not sufficiently allege joint employment and **GRANTS** Defendants' motion to dismiss claims against Minute Men Select. But the Court disagrees that the complaint otherwise fails to state a claim and therefore **DENIES** Defendants' motion to dismiss claims against the Burntwood Defendants.

The Court also finds that Plaintiff Goeble did not show that any opt-in plaintiffs are similarly situated. Goeble gives no common recovery theory or common FLSA-violating company policy. Accordingly, the Court **DENIES** Goeble's motion to certify an FLSA collective action.

Case No. 1:22-cv-01733
GWIN, J.

## I.   Motion to Dismiss

The Court first addresses Defendants' motion to dismiss. Defendants raise three grounds to dismiss Goeble's claims. First, Defendants argue that Goeble does not allege a dual-jobs claim under the Department of Labor regulations and guidance that applied during Goeble's Burntwood employment. Second, Defendants argue that Goeble did not allege that he received less than minimum wage during any work week. Third, Defendants say that Goeble fails to state any claim against Defendant Minute Men Select.

**Legal Standard.** A complaint survives a motion to dismiss only if it offers sufficient facts which, accepted as true, state a facially plausible claim for relief.[2] To be plausible, the claim must allow the Court to reasonably infer "that the defendant is liable for the misconduct alleged."[3] Further, the plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."[4] Although the Court liberally construes the complaint in the plaintiff's favor, the Court need not adopt the complaint's legal conclusions or accept unwarranted factual inferences as true.[5]

When considering a motion to dismiss, the Court considers the facts alleged in the complaint and documents attached to or relied upon in the complaint.[6]

**FLSA Tip Credit.** The Fair Labor Standards Act requires employers to pay employees at least $7.25 per hour.[7] But when employees regularly receive more than $30 per month in tips, employers may claim a "tip credit" and pay tipped employees $2.13 per hour in cash

---

[2] Est. of Barney v. PNC Bank, Nat. Ass'n, 714 F.3d 920, 924 (6th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009)).
[3] Id. (quoting Iqbal, 566 U.S. at 677).
[4] Id. (quoting Iqbal, 566 U.S. at 678).
[5] Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006).
[6] See Passa v. City of Columbus, 123 F. App'x 694, 697 (6th Cir. 2005).
[7] See 29 U.S.C. § 206(a)(1)(C).

Case No. 1:22-cv-01733
GWIN, J.

wages. If tipped employees' total earnings after accounting for tips and cash wages does not equal $7.25 per hour, employers must pay the difference between the earnings and the minimum wage.

To qualify for the tip credit, employers must meet certain conditions. Employers must inform employees of any intent to use the tip credit and allow tipped employees to retain all tips not subject to pooling. Further, employers must ensure that the tipped employees spend most workhours doing tipped work.

**Dual-jobs claim.** The Court first addresses Defendants' argument that Plaintiff Goeble fails to allege a dual-jobs claim. Because Goeble plausibly alleged that he performed work unrelated to his tipped occupation at the tip-credit rate, his claim survives Defendants' motion to dismiss.

The dual-jobs provision[8] explains that when an employee does both tipped and untipped work for an employer—for example, a hotel maintenance worker who also works as a server in the hotel's restaurant—employers may claim a tip credit against wages earned as a server, but not as a maintenance worker.[9]

Until December 28, 2021, the dual-jobs provision further explained that employers could still take a tip credit against wages owed to, for example, a server who spent "part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses … ."[10] These limited "related duties" did not qualify as dual jobs.[11]

As this Court explained in its *Callaway v. DenOne* opinion, the dual-jobs provision used somewhat vague terms ("part of her time," "occasionally," and "related duties"),

---

[8] 29 C.F.R. § 531.56(e) (current).
[9] *See id.*
[10] 29 C.F.R. § 531.56 (effective through December 27, 2021).
[11] *Id.*

- 4 -

Case No. 1:22-cv-01733
GWIN, J.

rendering the rule ambiguous.[12] To clarify these terms, the DOL authored opinion letters and handbook provisions explaining that employers could claim the tip credit if tipped employees spend less than 20% of workhours on untipped "related duties."[13]

"This '80/20 rule' interpretation stood for over thirty years."[14] But in 2018, the DOL issued an opinion letter purporting to supersede the 80/20 rule. Under the 2018 guidance, the DOL instructed employers to consult the Occupational Information Network (O*NET) listing for a tipped occupation. Employers could take a tip credit against any amount of time that tipped employees spent doing untipped work categorized as "core" or "supplemental" tasks in O*NET, provided the untipped work was "performed contemporaneously with … or for a reasonable time immediately before or after" tipped work.[15]

Although this Court questioned the 2018 letter's validity in *Callaway*, the Court did not then decide whether to defer to the letter. But shortly after *Callaway*, the Supreme Court issued *Kisor v. Wilkie*, which clarified when courts must defer to an agency's interpretation of its own regulations.[16]

The Sixth Circuit has not decided whether the 2018 letter qualifies for deference. But at least one other judge in this district has declined to defer to the 2018 guidance. Applying *Kisor*'s framework, Judge Helmick decided that the 2018 letter was not entitled any deference and that the 80/20 rule remained in effect.[17] This Court agrees with Judge

---

[12] Callaway v. DenOne LLC, 1:18-CV-1981, 2019 WL 1090346, at *5 (N.D. Ohio Mar. 8, 2019).
[13] *See id.* at *5–6.
[14] *Id.* at *6.
[15] *See id.* (quoting U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter FLSA2018-27 (Nov. 8, 2018))
[16] Kisor v. Wilkie, 139 S.Ct. 2400 (2019).
[17] O'Neal v. Denn-Ohio, LLC, 2020 WL 210801, *5–7 (N.D.Ohio, 2020) (Helmick, J.). Judge Helmick explained that the 2018 letter was not entitled to deference because (1) the 2018 guidance "would lead to results inconsistent with the purpose of the dual jobs regulation," and (2) because the 2018 guidance "represent[ed] a stark change from the approach the DOL adhered to for decades … ."

- 5 -

Case No. 1:22-cv-01733
GWIN, J.

Helmick's analysis. The 80/20 rule applied during Goeble's August 2020–January 2021 employment at Burntwood Tavern Chagrin Falls.

Effective December 28, 2021, the DOL promulgated a new dual-jobs provision.[18] The new provision expressly defines three categories of tipped-employee work: (1) tip-producing work; (2) untipped, directly supporting work, which, to qualify for the tipped wage, must account less than 20% of an employee's hours and may not be performed longer than 30 consecutive minutes at a time; and (3) untipped, unrelated work, for which employers may not claim any tip credit.

Although the new provision largely tracks the old 80/20 rule, the DOL redrew the line between directly supporting work and unrelated work. For example, although the old rule permitted employers to claim a tip credit when servers, for example, "toast[ed] bread [or] ma[de] coffee," the new regulation states that "[p]reparing food … is not part of the tipped occupation of a server."[19]

Here, Plaintiff Goeble alleges that Defendants unlawfully claimed a tip credit for work unrelated to Goeble's tipped occupation as a server under the then-applicable 80/20 rule. Specifically, Goeble says that he

> was required to perform improper types, and excessive amounts, of non-tipped work, including, but not limited to, cleaning ledges; cleaning the kitchen; cleaning walls and items hanging on the walls; cleaning window blinds, windows and window sills; cleaning the bathrooms; and/or washing trays, appliances, silverware, dishes and/or glasses.[20]

---

[18] 29 C.F.R. § 531.56(e)–(f) (current).
[19] *Compare* 29 C.F.R. § 531.56(e) (effective through December 27, 2021), *with* 29 C.F.R. § 531.56(e)–(f) (current).
[20] Doc. 27 at 3 (PageID 141).

Case No. 1:22-cv-01733
GWIN, J.

Under the old 80/20 rule, "maintenance work (e.g., cleaning bathrooms and washing windows) [wa]s not related to the tipped occupation of a server."[21] A server required to do maintenance work was "effectively employed in dual jobs."[22]

So, Goeble plausibly alleges that Defendants employed him in dual jobs as both a server and a maintenance worker. And because Goeble alleges that Defendants took a tip credit against Goeble's time spent performing maintenance work, Goeble plausibly alleges a tip-credit violation under the then-applicable dual-jobs rule.

**Failure to allege below-minimum wages.** The Court turns to Defendants' argument that Goeble's claims fail because Goeble does not allege any workweek during which Goeble made less than $7.25 per hour. Courts have somewhat clashed over whether a complaint must allege a specific week in which the plaintiff's wages fell below the statutory minimum.[23] But this Court now decides that plaintiffs need not point to a specific week of sub-minimum-wage earnings to survive a motion to dismiss tip-credit-violation claims.

Defendants rely on the Sixth Circuit's *In re: Amazon* opinion, in which a panel affirmed a district court's dismissal of the plaintiffs' FLSA claims because the plaintiffs failed "to identify a particular workweek in which … they received less than the minimum wage per hour."[24] But the *In re: Amazon* plaintiffs alleged minimum- and overtime-wage violations, not tip-credit violations.[25]

---

[21] *Harrison*, 274 F.Supp.3d at 712 (quoting FOH § 30d00(f) (2016)).
[22] *Id.*
[23] *Compare, e.g.*, Craig v. Landry's, Inc., 1:16-CV-277, 2016 WL 3406032 (S.D. Ohio June 21, 2016) (adopting the specific-week pleading requirement), *with* Harrison v. Rockne's Inc., 274 F. Supp. 3d 706, 710 (N.D. Ohio 2017) (rejecting the specific-week pleading requirement).
[24] In re: Amazon.Com, Inc. Fulfillment Ctr. Fair Lab. Standards Act (FLSA) and Wage and Hour Litig., 905 F.3d 387, 406 (6th Cir. 2018).
[25] *See id.* at 392. Specifically, *In re: Amazon* concerned a policy requiring warehouse employees to submit to unpaid security screenings after clocking out. *See id.*

Case No. 1:22-cv-01733
GWIN, J.

Tip-credit-violation claims differ from minimum- and overtime-wage-violation claims. Whether a tipped employee earned minimum wage in a given workweek after accounting for wages and tips is irrelevant to whether the employer qualified to claim the tip credit in the first place. So, to survive a motion to dismiss, a plaintiff who alleges tip-credit violations need only plead that the plaintiff "performed work for which [the plaintiff] was not properly compensated."[26]

Goeble satisfies this standard by plausibly alleging that Defendants paid him a tipped wage despite failing to qualify for the tip credit. Specifically, Goeble alleges that Defendants required Goeble to do cleaning work unrelated to his tipped server duties.[27] And Goeble alleges that he sometimes spent more than 20% of his workhours on untipped, directly supporting work.[28]

**Minute Men Select.** Finally, Defendants argue that the complaint does not plausibly allege that Defendant Minute Men Select and Burntwood were a single enterprise or jointly employed Goeble. This Court agrees.

To survive a motion to dismiss, a claim must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action … .'"[29] The claim also "must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[30]

---

[26] *See* Myers v. Copper Cellar Corp., 192 F.3d 546 (6th Cir. 1999) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946)). At least two other in-district decisions have cited *Myers* when declining to impose a specific-week pleading requirement on tip-credit-violation plaintiffs. *See* Harrison v. Rockne's Inc., 274 F. Supp. 3d 706, 710 (N.D. Ohio 2017) (Parker, M.J.); Osman v. Grube, Inc., 16-CV-802, 2017 WL 2908864, at *2 (N.D. Ohio July 7, 2017) (Helmick, J.).
[27] Doc. 27 at ¶ 7(a).
[28] *Id.* at ¶ 7(b).
[29] Thompson v. City of Memphis, 491 Fed. App'x 616, 621 (6th Cir. 2012) (quoting Bell A. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).
[30] *Id.* (quoting *Twombly*, 550 U.S. at 570).

Case No. 1:22-cv-01733
GWIN, J.

The claims against Defendant Minute Men Select fall short of this bar.  Goeble says the following paragraphs sufficiently allege Minute Men Select's role in a tip-credit violation:

- "20. … Defendants and the other Burntwood Restaurants operated as a single 'enterprise' within the meaning of 29 U.S.C. § 203(r)(1). Defendant Burntwood Tavern Holdings, LLC and the Burntwood Restaurants, including Defendant Burntwood Tavern Chagrin Falls LLC, perform related activities through unified operation and common control for a common business purpose, and part of their unified business model is the wage violations alleged in this Complaint."[31]

- "26. … Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control."[32]

- "30. Defendant Minute Men Select Inc. provides staffing services to its customers."[33]

- "31. Defendant Minute Men Select Inc. provided staff to Defendant Burntwood Tavern."[34]

These paragraphs do not contain sufficient facts to connect Defendant Minute Men Select to any tip-credit violation.  Instead, they largely recite the joint-employment and single-enterprise definitions.[35]

The only fact-specific allegation against Minute Men Select is that it "provided staff to Defendant Burntwood Tavern."  Goeble fails to allege any connection between the staffing and any FLSA violation.  In fact, the complaint omits Minute Men Select when listing the defendants whose "unified business model [includes] the wage violations alleged in this Complaint."[36]

---

[31] Doc. 27 ¶ 20.
[32] *Id.* ¶ 26.
[33] *Id.* ¶ 30.
[34] *Id.* ¶ 31.
[35] *See* 29 U.S.C. § 203(r); *cf.* Swallows v. Barnes & Noble Book Stores, Inc., 128 F.3d 990 (6th Cir. 1997) ("[C]ourts consider whether one defendant has control over another company's employees sufficient to show that the two companies are acting as a "joint employer" of those employees.").
[36] *See* Doc. 27 at ¶ 20.

Case No. 1:22-cv-01733
GWIN, J.

Because Goeble fails to plausibly allege Minute Men Select's involvement in any tip-credit violation, the Court dismisses the claims against Minute Men Select.

### III. Conditional Certification

Although Plaintiff Goeble's tip-credit-violation claims against Burntwood Defendants survive the motion to dismiss, the Court finds that Goeble has failed to show that similarly situated opt-in plaintiffs exist. Each Burntwood location is separately managed—and Goeble has not shown that an FLSA-violating policy applies to all locations. Further, the DOL's 2021 dual-jobs rule change demands different recovery theories for claims accrued before and after the change. So, the Court denies Goeble's motion to conditionally certify an FLSA collective action.

**Legal Standard.** Although the FLSA's similarly situated inquiry is less stringent than Rule 23's class-certification standard, collective-action representative plaintiffs "bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs."[37]

"Employees who 'suffer from a single, FLSA-violating policy' *or* whose 'claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct,' are similarly situated."[38]

Ultimately, conditional certification requires the plaintiff to allege "a viable FLSA claim" and show "that the alleged illegal practices are companywide … ."[39]

**Similarly situated.** Goeble proposes the following FLSA collective action for conditional certification:

---

[37] O'Brien v. Ed Donnelly Enterprises, Inc., 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by* Campbell-Ewald Co. v. Gomez, 577 U.S. 153 (2016).
[38] *Id.* at 1009.
[39] Shell v. Pie Kingz, LLC, 415 F. Supp. 3d 769, 772–73 (N.D. Ohio 2019).

- 10 -

Case No. 1:22-cv-01733
GWIN, J.

> All current and former tipped employees who worked for Burntwood at one or more of its restaurant locations in the United States at least one week during the three-year period prior to the filing of this action to the present.[40]

Goeble's proposed collective action would include all tipped employees whose claims accrued between September 27, 2019, and September 27, 2022.

Burntwood Tavern represents that it maintains "14 separately managed restaurants in two states, each [] location with its own side-work policies varying by location need and position … ."[41] The locations' separate management and policies suggest that tipped employees at different locations were not similarly situated.

Goeble gives no evidence that contradicts Defendants' no-common-policy assertion. Goeble worked as a server at Burntwood Tavern's Chagrin Falls location from August 2020 to January 2021 and asserts personal knowledge of the Chagrin Falls location's wage practices during that time.[42] But Goeble does not claim any personal knowledge of other Burntwood locations' wage practices.

To supplement his personal knowledge, Goeble gives three declarations from other former tipped Burntwood employees. But Defendants say that although the employee–declarants all purport to qualify for the proposed collective action,[43] two of the declarant–employees, Alexis Keenan and Nicole Arigoni, left Burntwood employment before September 27, 2019.

Goeble does not dispute that Keenan and Arigoni would not qualify as opt-in plaintiffs. But Goeble asks the Court to nonetheless consider those declarations when deciding whether tipped Burntwood employees were similarly situated. The Court declines.

---

[40] Doc. 29 ¶ 58.
[41] Doc. 35 at 17 (PageID 301); *see also* Doc. 35-1 ¶¶ 10–11 (Kelley Declaration).
[42] Doc. 29-2 ¶¶ 1, 9 (Goeble Declaration).
[43] *See* Doc. 29-3 at 1, 3, 5 (PageID 189, 191, 193).

- 11 -

Case No. 1:22-cv-01733
GWIN, J.

The Keenan and Arigoni accounts of Burntwood employment practices predating the proposed collective-action period are not probative of Burntwood's practices during the collective-action period. Further, Goeble does not dispute that the Keenan and Arigoni declarations misstate the dates that Burntwood employed Keenan and Arigoni. So, even if the Court were inclined to consider the Keenan and Arigoni declarations, there exists reason to question the declarations' credibility.

The parties agree, however, that declarant-employee Taylor Baumann would qualify for the proposed class. Baumann says that during Baumann's employment from January 31, 2022, to May 24, 2022, Burntwood Tavern's Brecksville location paid Baumann and other Brecksville servers the tipped wage despite not qualifying for the tip credit.[44]

But the Goeble and Baumann declarations together do not carry the burden of showing a company-wide Burntwood FLSA violation. Goeble and Baumann each worked for Burntwood for less than six months and had personal knowledge of only two of the 14 Burntwood locations' wage practices. So, although Goeble and Baumann might each have valid tip-credit-violation claims against Defendants, their experiences alone do not justify a company-wide collective action.

The DOL's 2021 dual-jobs rule change further prevents any similarly situated finding. Goeble's proposed class includes claims accrued under both the old 80/20 rule and the new regulation. As the Court explained above, the new regulation changed the dual-jobs rule's substance. Although the new regulation partially codifies the 80/20 rule, the new regulation adds a 30-minute directly-supporting-work limit. And the new regulation redraws the line between untipped, directly supporting work and untipped, unrelated work.

---

[44] *See* Doc. 29-3 at 3–4 (Baumann declaration).

Case No. 1:22-cv-01733
GWIN, J.

The 2021 rule change means that pre- and post-rule-change plaintiffs would have different theories of recovery, making those groups dissimilarly situated. Moreover, because post-rule-change plaintiffs would allege violations of rule provisions that did not exist when Defendants employed Goeble, Goeble cannot represent post-rule-change plaintiffs in the collective action.

Finally, even if the Court were inclined to conditionally certify a collective action of only pre-rule-change plaintiffs, because Baumann's Burntwood employment followed the rule change, Goeble's declaration is the only evidence of Burntwood Defendants' pre-rule-change practices. If Baumann's and Goeble's declarations together do not show any company-wide FLSA violation, Goeble's declaration alone falls even shorter of the mark.

In sum, Plaintiff Goeble fails to show that potential opt-in plaintiffs are similarly situated to Goeble. Goeble does not refute Defendants' assertions that each restaurant is separately managed and sets its own side-work policies and does not give evidence showing a company-wide policy. And the 2021 DOL rule change makes pre- and post-rule change plaintiffs dissimilarly situated.

Because the Court denies conditional certification, the Court also denies expedited opt-in discovery and opt-in-plaintiff notice.

### III.    Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss claims against Defendant Minute Men Select and **DENIES** dismissal of claims against Burntwood Defendants.

The Court **DENIES** Plaintiff Goeble's motion to conditionally certify a collective action, expedite opt-in discovery, and notify potential opt-in plaintiffs.

Case No. 1:22-cv-01733
GWIN, J.

Finally, the Court **DENIES** as moot Plaintiff Goeble's motion to reschedule mediation pending resolution of the motion to dismiss and conditional-certification motions.

IT IS SO ORDERED.

Dated: April 26, 2023             *s/    James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

- 14 -